UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------X

UNITED STATES OF AMERICA

   -against-

GRANT GRANDISON,

               Defendant.

--------------------------------------------------------X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED:    1/29/2022

21-CR-01 (KMW)

**ORDER**

KIMBA M. WOOD, United States District Judge:

     Defendant Grant Grandison has made three motions in this case ahead of his scheduled surrender date on January 31, 2022.  The Government opposes all three motions.  Grandison moves to delay his self-surrender date from January 31, 2022 to February 7, 2022 on the basis that he had not been designated to a Bureau of Prisons facility.  (ECF No. 56.)  He also moves for bail pending appeal.  (ECF No. 53.)  Finally, he writes that, if the Court denies bail pending appeal, his surrender date be postponed until after the court of appeals has address the question of bail pending appeal.  (ECF No. 58.)  All three motions are denied.

     The first motion is moot.  Mr. Grandison has been designated to the Cumberland Satellite Camp.  (*See* ECF No. 57.)

     The second motion is denied.  Grandison's request is governed by a statutory requirement that a judge

> shall order that a person who has been found guilty of an offense and sentenced to a term of imprisonment, and who has filed an appeal . . . be detained, unless the judicial officer finds--
>
> (A) by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released . . . ; and
>
> (B) that the appeal is not for the purpose of delay and raises a substantial question of law or fact likely to result in--

> (i) reversal,
> (ii) an order for a new trial,
> (iii) a sentence that does not include a term of imprisonment, or
> (iv) a reduced sentence to a term of imprisonment less than the total of the time already served plus the expected duration of the appeal process.

18 U.S.C. § 3143(b)(1).

Reaching the first prong of this standard is unnecessary, because Grandison's request fails on the second. Grandison asserts that his appeal raises a "substantial question" that is likely to result either in "a sentence that does not include a term of imprisonment" or "a reduced sentence to a term of imprisonment less than the total of the time already served plus the expected duration of the appeal process." 18 U.S.C. § 3143(b)(1)(B)(iii)–(iv). His contentions are unpersuasive.

First, Grandison makes no argument that his appeal is likely to result in a sentence with no term of imprisonment. Second, he does not explain why his appellate arguments about the propriety of the Court's departure above the advisory Sentencing Guidelines range of 10–16 months would likely lead to a reduction of his sentence below the top of the Guidelines range. Sixteen months is more than enough time for the 12-month appeals process that the defendant predicts. Grandison thus has not carried his burden to overcome the statute's "presumption in favor of detention," *United States v. Abuhamra*, 389 F.3d 309, 319 (2d Cir. 2004), nor shown that a sentence shorter than 12 months is likely. Even if he had, the appropriate judicial response in such a case would be to "order the detention terminated at the *expiration* of the likely reduced sentence," 18 U.S.C. § 3143(b)(1) (emphasis added), not at its beginning.

The third motion is also denied. Motions for stay are governed by four factors, of which the first two are "most critical": "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent

a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." *Nken v. Holder*, 556 U.S. 418, 434 (2009).

Grandison has failed to carry his burden here, as well.  As detailed above, Grandison has made a weak showing that he would be likely to prevail if he appeals a denial of bail pending appeal.  Grandison cannot show irreparable injury, because even if he prevails on appeal, he will have served less than the number of months at the top of his advisory Sentencing Guidelines range.  Although those first two factors are sufficient to deny Grandison's motion for a stay of his surrender date, the final two support the same outcome.  The Government and the public have a strong interest in ensuring that citizens will tell the truth to law enforcement officials, and that those officials can perform their difficult duties.  Prompt detention is important to promoting these interests.

The Clerk of Court is respectfully directed to close the pending motions at ECF Nos. 53, 56, and 58.

SO ORDERED.

Dated: New York, New York
       January 29, 2022                           /s/ Kimba M. Wood
                                                  KIMBA M. WOOD
                                          United States District Judge